1   TERRY T. JOHNSON, State Bar No. 121569, tjohnson@wsgr.com
    CYNTHIA A. DY, State Bar No. 172761, cdy@wsgr.com
2   PAMELA E. GLAZNER, State Bar No. 247007, pglazner@wsgr.com
    WILSON SONSINI GOODRICH & ROSATI
3   Professional Corporation
    650 Page Mill Road
4   Palo Alto, CA 94304-1050
    Telephone:  (650) 493-9300
5   Facsimile:   (650) 565-5100

6   JENNY L. DIXON, State Bar No. 192638, jldixon@wsgr.com
    WILSON SONSINI GOODRICH & ROSATI
7   Professional Corporation
    One Market, Spear Tower, Suite 3300
8   San Francisco, CA 94105
    Telephone:  (415) 947-2000
9   Facsimile:   (415) 947-5099

10  Attorneys for Defendant
    FORTINET, INC.

11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                        SAN JOSE DIVISION

15  ENRICO GARGALE,                    )   CASE NO.:  CV-08-3167-JF
                                       )
16          Plaintiff,                 )   **STIPULATED PROTECTIVE ORDER**
                                       )   **AS MODIFIED (IN SECTION 12)**
17      v.                             )   **BY THE COURT**
                                       )
18  FORTINET, INC. and DOES 1 through 50, )
                                       )
19                                     )
          Defendants.                  )
20                                     )
                                       )
21                                     )
22  _____

23

24

25

26

27

28

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to treatment as confidential under the applicable legal principles.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     DEFINITIONS

2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staffs).

2.2    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    Confidential Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).

2.4    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5    Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6     <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7     <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

2.8     <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their support staffs).

2.9     <u>House Counsel</u>: attorneys who are employees of a Party (as well as their support staffs).

2.10    <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.11    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.     <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.     <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

1   order otherwise directs.

2        5.        DESIGNATING PROTECTED MATERIAL

3            5.1        Exercise of Restraint and Care in Designating Material for Protection.

4            Each Party or non-party that designates information or items for protection under

5   this Order must take care to limit any such designation to specific material that qualifies under

6   the appropriate standards.  A Designating Party must take care to designate for protection only

7   those parts of material, documents, items, or oral or written communications that qualify – so

8   that other portions of the material, documents, items, or communications for which protection is

9   not warranted are not swept unjustifiably within the ambit of this Order.

10            Mass, indiscriminate, or routinized designations are prohibited.  Designations that

11   are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

12   unnecessarily encumber or retard the case development process, or to impose unnecessary

13   expenses and burdens on other parties), expose the Designating Party to sanctions.

14            If it comes to a Party's or a non-party's attention that information or items that it

15   designated for protection do not qualify for protection at all, or do not qualify for the level of

16   protection initially asserted, that Party or non-party must promptly notify all other parties that it

17   is withdrawing the mistaken designation.

18            5.2        Manner and Timing of Designations.  Except as otherwise provided in this

19   Order (see, e.g., second paragraph of Section 5.2(a), below), or as otherwise stipulated or

20   ordered, material that qualifies for protection under this Order must be clearly so designated

21   before the material is disclosed or produced.

22            Designation in conformity with this Order requires:

23                (a)        for information in documentary form (apart from transcripts of

24   depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

25   "CONFIDENTIAL" on each page that contains protected material.  If only a portion or portions

26   of the material on a page qualifies for protection, the Producing Party also must clearly identify

27   the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify,

28   for each portion, the protection being asserted (e.g., "CONFIDENTIAL").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate "CONFIDENTIAL" legend on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the protection being asserted (e.g., "CONFIDENTIAL").

(b)      for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify all protected testimony, and further specify any portions of the testimony as to which protection is sought, and to specify the protection being asserted (e.g., "CONFIDENTIAL"), either on the record, before the close of deposition hearing or other proceeding, or within 20 days after the receipt of the testimony transcript.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the "CONFIDENTIAL" legend as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c)      for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the "CONFIDENTIAL" legend.  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL."

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation, after considering the justification offered by the Designating Party, may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding

1  paragraph and that sets forth with specificity the justification for the confidentiality designation

2  that was given by the Designating Party in the meet and confer dialogue.

3          The burden of persuasion in any such challenge proceeding shall be on the

4  Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the

5  material in question the level of protection to which it is entitled under the Producing Party's

6  designation.

7         7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

8          7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

9  disclosed or produced by another Party or by a non-party in connection with this case only for

10  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

11  disclosed only to the categories of persons and under the conditions described in this Order.

12  When the litigation has been terminated, a Receiving Party must comply with the provisions of

13  Section 11 (FINAL DISPOSITION), below.

14          Protected Material must be stored and maintained by a Receiving Party at a

15  location and in a secure manner that ensures that access is limited to the persons authorized

16  under this Order.

17          7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless

18  otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving

19  Party may disclose any information or item designated CONFIDENTIAL only to:

20              (a)    the Receiving Party's Outside Counsel of record in this action

21  which has signed the "Agreement to Be Bound by Protective Order" that is attached hereto as

22  Exhibit A, as well as employees and professional vendors of said Counsel to whom it is

23  reasonably necessary to disclose the information for this litigation;

24              (b)    the officers, directors, and employees (including House Counsel)

25  of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who

26  have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

27              (c)    experts (as defined in this Order) of the Receiving Party to whom

28  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

1  Bound by Protective Order" (Exhibit A);

2            (d)      the Court and its personnel;

3            (e)      court reporters and their staffs to whom disclosure is reasonably

4  necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

5  Order" (Exhibit A);

6            (f)      during their depositions, witnesses in the action to whom

7  disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by

8  Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to

9  depositions that reveal Protected Material must be separately bound by the court reporter and

10  may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

11            (g)      the author of the document or the original source of the

12  information, and persons who were recipients of the document prior to its production by the

13  Producing Party to the Receiving Party.

14      8.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

15

16      If a Receiving Party is served with a subpoena or an order issued in other litigation that

17  would compel disclosure of any information or items designated in this action as

18  "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by e-

19  mail or fax, if possible) immediately and in no event more than three court days after receiving

20  the subpoena or order. Such notification must include a copy of the subpoena or court order.

21      The Receiving Party also must immediately inform in writing the Party who caused the

22  subpoena or order to issue in the other litigation that some or all the material covered by the

23  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

24  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

25  caused the subpoena or order to issue.

26      The purpose of imposing these duties is to alert the interested parties to the existence of

27  this Protective Order and to afford the Designating Party in this case an opportunity to try to

28  protect its confidentiality interests in the court from which the subpoena or order issued.  The

1  Designating Party shall bear the burdens and the expenses of seeking protection in that court of

2  its confidential material – and nothing in these provisions should be construed as authorizing or

3  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

4          9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

5          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

6  Material to any person or in any circumstance not authorized under this Stipulated Protective

7  Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the

8  unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material;

9  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

10  this Order; and (d) request such person or persons to execute the "Acknowledgment and

11  Agreement to Be Bound" that is attached hereto as Exhibit A.

12          10.     FILING PROTECTED MATERIAL

13          Without written permission from the Designating Party or a court order secured after

14  appropriate notice to all interested persons, a Party may not file in the public record in this action

15  any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

16  with Civil Local Rule 79-5.

17          11.     FINAL DISPOSITION

18          Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

19  after the final termination of this action, each Receiving Party must either destroy or return all

20  Protected Material to the Producing Party. As used in this subdivision, "all Protected Material"

21  includes all copies, abstracts, compilations, summaries or any other form of reproducing or

22  capturing any of the Protected Material. Whether the Protected Material is returned or destroyed,

23  the Receiving Party must submit a written certification to the Producing Party (and, if not the

24  same person or entity, to the Designating Party) by the sixty day deadline that identifies (by

25  category, where appropriate) all the Protected Material that was returned or destroyed and that

26  affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries

27  or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this

28  provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers,

1   transcripts, legal memoranda, correspondence or attorney work product, even if such materials

2   contain Protected Material.  Any such archival copies that contain or constitute Protected

3   Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

4             12.     INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

5             Inadvertent production or disclosure of documents or information subject to the attorney-

6   client privilege, work product immunity, or any other applicable privilege shall not automatically

7   constitute a waiver of any claim – in this or any other proceeding – that such or related

8   material is privileged or protected by the work product immunity or any other applicable

9   privilege, provided that the Producing Party notifies the Receiving Party in writing within a

10  reasonable time after discovery of such inadvertent production.  Upon receipt of such notice, all

11  other Parties shall, regardless of whether they agree with the Producing Party's claim of privilege

12  or protection, promptly: (a) destroy or segregate all copies of the inadvertently produced

13  documents or material in such Party's possession, custody, or control, and notify the Producing

14  Party that it has done so; and (b) notify the Producing Party that reasonable steps have been

15  taken to retrieve and/or destroy the inadvertently produced documents or material from other

16  persons to whom such documents or material have been provided, if any, consistent with Rule

17  26(b)(5)(B).

18            Compliance with this Section 12 does not, and shall not be deemed to, constitute

19  agreement that the claimed document or material is in fact privileged or entitled to protection or

20  immunity, and the Receiving Party may move the Court for an Order compelling production of

21  any inadvertently produced document or information.  In opposing any such motion, the Producing

22  Party has the burden of showing that it took efforts that were "reasonably designed" to protect the

23  privileged materials.  *See Gomez v. Vernon*, 255 F.3d 1118, 1131-32 (9th Cir. 2001).

24            13.     MISCELLANEOUS

25            13.1    Right to Further Relief.  Nothing in this Order abridges the right of any

26  person to seek its modification by the Court in the future.

27            13.2    Right to Assert Other Objections.  By stipulating to the entry of this

28  Protective Order no Party waives any right it otherwise would have to object to disclosing or

1   producing any information or item on any ground not addressed in this Stipulated Protective

2   Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any

3   of the material covered by this Protective Order.

4          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5

6

7   Dated: March 27, 2009                ARCHER NORRIS
                                         2033 North Main Street, Suite 800
8                                        Walnut Creek, CA 94596-3759
                                         Telephone:  (925) 930-6600
9                                        Facsimile:   (925) 930-6620

10                                       By:        /s/ Michael C. Osborne
                                                    Michael C. Osborne
11                                            Counsel for Plaintiff Enrico Gargale

12  Dated: March 27, 2009                WILSON SONSINI GOODRICH & ROSATI
                                         Professional Corporation
13                                       650 Page Mill Road
                                         Palo Alto, CA 94304-1050
14                                       Telephone:  (650) 493-9300
                                         Facsimile:   (650) 565-5100
15

16                                       By:        /s/ Jenny L. Dixon
                                                    Jenny L. Dixon
17                                            Counsel for Defendant Fortinet, Inc.

18

19                              **ORDER**

20          For good cause appearing, the foregoing stipulation regarding confidentiality is approved

21  as modified (in Section 12) by the court.   **IT IS SO ORDERED.**

22  Dated:     4/1/09

23                                       THE HONORABLE PATRICIA V. TRUMBULL
                                         United States Magistrate Judge
24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____, 2009 in the case of *Gargale v. Fortinet, et al.*, CV 08-3167-JF.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____


City and State where sworn and signed: _____


Printed name _____
                              [printed name]


Signature: _____
                              [signature]